United States District Court
Southern District of Texas
**ENTERED**
June 10, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ELENA MARKHAM, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 6:21-CV-00030 |
| HOLLY HAMILTON, *et al*, | § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Elena Markham filed this action, construed as a 42 U.S.C. § 1983 suit, *pro se* and *in forma pauperis*. Because she is proceeding in forma pauperis, her complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed further below, it is recommended that Markham's case be **DISMISSED with prejudice** as frivolous, and that her motion for a temporary injunction (D.E. 2) be **DENIED**.

### I. LEGAL STANDARD

A district court may dismiss *sua sponte* a complaint filed *in forma pauperis* if it determines that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In determining whether a plaintiff has stated an actionable claim for relief, the complaint must be liberally construed in favor of the plaintiff and the allegations contained therein must be taken as true. *Martin K. Eby Constr. Co. v. DART*, 369 F.3d 464, 470 (5th Cir. 2004). An action is frivolous if it lacks an arguable basis in either law or fact. *Henson–El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991). A

complaint is without an arguable basis in law if it is grounded upon a discredited or untenable legal theory. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

## II.  COMPLAINT AND EXHIBITS

Here, Markham alleges in her complaint that the Texas Department of Family and Protective Services ("DFPS")  Markham argues that she has "sole property of [the child]," referencing the difference between a "DBA" business and an "LLC" business. (*Id.* at 5). She contends that her daughter is being held by the state without any court hearings. (*Id.* at 6). Markham posits that DFPS has sold her daughter into human sex trafficking and that she must be returned before "she gets killed or organ harvested." (*Id.*). She alleges that DFPS "pounces on parents who [have] done nothing wrong" and then the children are "victimize, sold, raped, [murdered] and sold for organ harvesting." (*Id.* at 7). She alleges that children taken by DFPS are "in military camps and they are being slaughtered like cows, this corporation of the adrenochrome is a big business," and further alleges that babies are being "ripped to pieces just to get that adrenochrome." (*Id.* at 7-8). Markham's complaint then transitions into a history of the writing of "The Star-Spangled Banner." (*Id.* at 8-10). The remainder of the complaint continues in this vein. (*Id.* at 10-25).

Markham attached several exhibits to her complaint. On May 1, 2021, a Texas state court issued an order for protection of a child in an emergency in response to a petition and related affidavit filed by DFPS. (D.E. 1-8 at 2-6). The court concluded that there was an

immediate danger to the physical health or safety of the child, staying with Markham would be contrary to the child's welfare, and DFPS made reasonable efforts to prevent or eliminate the need to remove the child. (*Id.* at 2). The court set the cause for a full adversary hearing on May 10, 2021. (*Id.* at 6). The child was two days old at the time of DFPS's petition. (*Id.* at 7).

Another document purports to be a list of children abducted and held in detention centers so that their blood can be harvested for adrenochrome. (D.E. 1-13 at 1-17).

The "Notice of Removal of Children" filled out by the DFPS indicated that there were concerns about the child's safety due to concerns about Markham's mental health. (D.E. 1-14 at 1).

A "Baby Claim Deed" filled out by Markham and stamped by a notary purports to copyright and trademark the baby's name. (D.E. 1-16 at 1). Markham also attached a "Certificate of Assumed Name" from the state of Minnesota in which she registered her own name as an assumed name for a business. (D.E. 1-17 at 1-4). She also registered her name for an Employer Identification Number with the Internal Revenue Service. (D.E. 1-18 at 1-2). She also registered her baby's name as an assumed business name in Minnesota. (D.E. 1-20 at 1-6). The forms indicate that the purpose of filing for an assumed name is "for consumer protection in order to enable customers to be able to identify the true owner of a business." (*Id.* at 1).

A copy of the state court docket indicates that a hearing was held on May 11, 2021, at which Markham argued that there was no legal cause for DFPS to take her daughter and requested that the court return her daughter to her. (D.E. 1-19 at 2). Markham then stated

3

that she was going to perform a citizen's arrest on the court. The court informed her of the next hearing on May 25, 2021, but she stated that she would not be present. (*Id.*).

### III. DISCUSSION

Here, Markham's complaint is factually frivolous as it is based on fantastic and delusional scenarios and is contradicted by exhibits attached by Markham. Markham's allegations that DFPS "kidnapped" her daughter to harvest her organs and blood are baseless, irrational, and wholly incredible. *See Denton*, 504 U.S. at 33. The exhibits filed by Markham show that DFPS removed her child due to concerns over Markham's mental health. (D.E. 1-14 at 1). Moreover, Markham's allegation that this removal was done without any court hearings and that her daughter has completely disappeared are contradicted by her exhibits. DFPS received authorization from the state courts before removing her daughter. (D.E. 1-8 at 2-7). Markham was informed of this and told when court hearings would occur. (D.E. 1-14 at 1). A court hearing did occur, and Markham attended. (D.E. 1-19 at 2). The court told her when the next hearing would be, and she stated that she would not attend. (*Id.*). That Markham does not enjoy the state court hearings or the court's conclusions does not mean that no court hearings have occurred or that DFPS abducted her daughter. Markham also routinely refers to DFPS as a corporation or business, refers to her daughter as her property, and makes references to "DBA" and "LLC" designations. This includes the exhibits showing that she registered both her name and her daughter's name as assumed business names in Minnesota. (D.E. 1-17 at 1-4; D.E. 1-20 at 1-6). These references are nonsensical.

Markham fails to present any specific facts or a logical and coherent set of allegations to support her delusional and incredible claims that DFPS kidnapped her daughter to harvest its blood and organs. The Court, therefore, is not bound to accept her allegations as true. *Denton*, 504 U.S. at 33 (explaining that allegations must be accepted as true, unless they are clearly irrational, baseless, or wholly incredible).

## IV.  RECOMMENDATION

Accordingly, it is recommended that Markham's case be **DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and that her motion for a temporary injunction (D.E. 2) be **DENIED**.

Respectfully submitted on June 10, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).